# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRESERVATION TECHNOLOGIES LLC,<br>    Plaintiff,<br>vs.<br><br>CABLEVISION SYSTEMS CORP.,<br>    Defendant. | C.A. NO.:<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff Preservation Technologies LLC ("Preservation Technologies" or "Plaintiff") alleges as follows:

## THE PARTIES

1. Plaintiff Preservation Technologies is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 874 Walker Road, Suite C, Dover, Delaware 19904.

2. Upon information and belief, Cablevision Systems Corp. ("Cablevision" or "Defendant") is a Delaware corporation, having its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714. Cablevision can be served with process by serving its registered agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

1. This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

2. Upon information and belief, personal jurisdiction by this Court over Defendant is proper because Defendant is incorporated in Delaware and regularly conducts business within the State of Delaware.

3. Venue properly lies in this district under the provisions of 28 U.S.C. § 1391 because Defendant has purposely and repeatedly availed itself of the privilege of doing business within the district.

## THE PATENTS-IN-SUIT

4. On September 22, 1998, United States Patent No. 5,813,014 ("the '014 Patent") was duly and legally issued for a "Method and Apparatus for Management of Multimedia Assets." The invention disclosed by the '014 patent is a generalized solution for management of multimedia assets comprising interfaces between various components of a multimedia system. These interfaces provide for communication between the components to accomplish searching for and retrieving multimedia assets. A true and correct copy of the '014 Patent is attached hereto as Exhibit "A."

5. On November 3, 1998, United States Patent No. 5,832,499 ("the '499 Patent") was duly and legally issued for a "Digital Library System." The invention disclosed by the '499 patent relates to a digital library system that includes systems and mechanisms for capturing, managing, and distributing multimedia data. A true and correct copy of the '499 Patent is attached hereto as Exhibit "B."

6. On July 18, 2000, United States Patent No. 6,092,080 ("the '080 Patent") was duly and legally issued for a "Digital Library System." The invention disclosed by the '080 patent relates to a digital library system that includes systems and mechanisms for capturing,

managing, and distributing multimedia data. A true and correct copy of the '080 Patent is attached hereto as Exhibit "C."

7. On March 5, 2002, United States Patent No. 6,353,831 ("the '831 Patent") was duly and legally issued for a "Digital Library System." The invention disclosed by the '831 patent relates to a digital library system that includes systems and mechanisms for capturing, managing, and distributing multimedia data. A true and correct copy of the '831 Patent is attached hereto as Exhibit "D."

8. On November 3, 1998, United States Patent No. 5,832,495 ("the '495 Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing Multimedia Data." The invention disclosed by the '495 patent relates to cataloguing of data such as multimedia data. It comprises a catalog including one or more catalog elements, each of which has one or more attributes. These attributes may be used to build one or more indices that can be used to facilitate catalog access. A true and correct copy of the '495 Patent is attached hereto as Exhibit "E."

9. On April 15, 2003, United States Patent No. 6,549,911 ("the '911 Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing Multimedia Data." The invention disclosed by the '911 patent relates to cataloguing of data such as multimedia data. It comprises a catalog including one or more catalog elements, each of which has one or more attributes. These attributes may be used to build one or more indices that can be used to facilitate catalog access. A true and correct copy of the '911 Patent is attached hereto as Exhibit "F."

10. On April 3, 2001, United States Patent No. 6,212,527 ("the '527 Patent") was duly and legally issued for a "Method and Apparatus for Cataloguing Multimedia Data." The

invention disclosed by the '527 Patent relates to cataloguing of data such as multimedia data. It comprises a catalog including one or more catalog elements, each of which has one or more attributes. These attributes may be used to build one or more indices that can be used to facilitate catalog access. A true and correct copy of the '527 Patent is attached hereto as Exhibit "G."

## BACKGROUND

11.     The USC Shoah Foundation developed the patented technology. Its impetus was to gather, catalog and make available for access thousands of video testimonies. In January 2006, the Survivors of the Shoah Visual History Foundation became part of the Dana and David Dornsife College of Letters, Arts and Sciences at the University of Southern California in Los Angeles, where the testimonies in the Visual History Archive are preserved.

12.     Preservation Technologies has all substantial rights and interest to the Patents-in-Suit, including all rights to recover for all past and future infringements thereof.

## DEFENDANT'S ACTS

13.     Defendant manufactures, provides, sells, offers for sale, uses, and/or distributes infringing systems, articles, and methods, as well as provides computerized instructions that direct, control and/or put into use components that practice the claimed inventions. The infringing Defendant systems, articles, and methods include, but are not limited to, systems, articles, and methods relating to the cataloguing, organizing, searching, rating, and provisioning of digital multimedia data, , including but not limited to Cablevision's services for streaming movies and television shows and related home and mobile device-specific applications (the "Accused Systems"). In addition to the foregoing, Defendant also provides related services, specifications, and instructions for the installation and operation of such systems and articles to

its end-users and customers. Defendant acquired knowledge of the Patents through direct notice communicated to Defendant's general counsel on August 30, 2012.

## COUNT 1

*(Direct and indirect infringement of United States Patent No. 5,813,014)*

14. Plaintiff repeats and re-alleges the allegations in paragraphs 1-13 as if set forth in their entirety herein.

15. Preservation Technologies is the owner of all substantial rights and interest to the '014 Patent with the exclusive right to enforce such Patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

16. Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '014 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '014 Patent. Defendant is thus liable for direct infringement of the '014 Patent pursuant to 35 U.S.C. § 271(a).

17. Defendant had actual knowledge of the '014 Patent at least as of August 30, 2012.

18. Since obtaining knowledge of the '014 Patent on August 30, 2012, Defendant has indirectly infringed and continues to indirectly infringe the '014 Patent by actively inducing infringement by others of one or more of the claims of the '014 Patent in violation of 35 U.S.C. § 271(b) and contributorily infringing one or more of the claims of the '014 Patent based on others' direct infringement in violation of 35 U.S.C. § 271(c).

19. Upon information and belief, Defendant's end-users, customers, and/or third party content delivery network providers, such as Akamai Technologies, Level 3 Communications, and/or Limelight Networks, alone or in conjunction with Defendant directly infringe the '014 Patent by using the Accused Systems or performing one or more steps of a method claimed in the '014 Patent in violation of 35 U.S.C. § 271(a).

20. Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '014 Patent.

21. Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its action would induce infringement of, the '014 Patent, as demonstrated by, *inter alia*, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '014 Patent, and/or causing, urging, encouraging and/or aiding others through contracts, agreements, and/or computerized instructions to perform one or more steps of a method claimed in the '014 Patent.

22. On information and belief, Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '014 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

23. As a result of Defendant's infringement of the '014 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

24. Upon information and belief, Defendant's infringing conduct will continue unless enjoined by this Court, resulting in continuing harm to Plaintiff.

## COUNT 2

### *(Direct infringement of United States Patent No. 5,832,499)*

25. Plaintiff repeats and re-alleges the allegations in paragraphs 1-13 as if set forth in their entirety herein.

26. Preservation Technologies is the owner of all substantial rights and interest to the '499 Patent with the exclusive right to enforce such Patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

27. Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '499 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '499 Patent. Defendant is thus liable for direct infringement of the '499 Patent pursuant to 35 U.S.C. § 271(a).

28. As a result of Defendant's infringement of the '499 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

29. Upon information and belief, Defendant's infringing conduct will continue unless enjoined by this Court, resulting in continuing harm to Plaintiff.

## COUNT 3

*(Direct and indirect infringement of United States Patent No. 6,092,080)*

30. Plaintiff repeats and re-alleges the allegations in paragraphs 1-13 as if set forth in their entirety herein.

31. Preservation Technologies is the owner of all substantial rights and interest to the '080 Patent with the exclusive right to enforce such Patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

32. Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '080 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '080 Patent. Defendant is thus liable for direct infringement of the '080 Patent pursuant to 35 U.S.C. § 271(a).

33. Defendant had actual knowledge of the '080 Patent at least as of August 30, 2012.

34. Since obtaining knowledge of the '080 Patent on August 30, 2012, Defendant has indirectly infringed and continues to indirectly infringe the '080 Patent by actively inducing infringement by others of one or more of the claims of the '080 Patent in violation of 35 U.S.C. § 271(b) and contributorily infringing one or more of the claims of the '080 Patent based on others' direct infringement in violation of 35 U.S.C. § 271(c).

35. Upon information and belief, Defendant's end-users and/or customers directly infringe the '080 Patent by using the Accused Systems in violation of 35 U.S.C. § 271(a).

36. Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '080 Patent.

37. Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its actions would induce infringement of, the '080 Patent, as demonstrated by, *inter alia*, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '080 Patent.

38. On information and belief, Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '080 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

39. As a result of Defendant's infringement of the '080 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

40. Upon information and belief, Defendant's infringing conduct will continue unless enjoined by this Court, resulting in continuing harm to Plaintiff.

## COUNT 4

*(Direct and indirect infringement of United States Patent No. 6,353,831)*

41. Plaintiff repeats and re-alleges the allegations in paragraphs 1-13 as if set forth in their entirety herein.

42. Preservation Technologies is the owner of all substantial rights and interest to the '831 Patent with the exclusive right to enforce such Patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

43. Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '831 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '831 Patent. Defendant is thus liable for direct infringement of the '831 Patent pursuant to 35 U.S.C. § 271(a).

44. Defendant had actual knowledge of the '831 Patent at least as of August 30, 2012.

45. Since obtaining knowledge of the '831 Patent on August 30, 2012, Defendant has indirectly infringed and continues to indirectly infringe the '831 Patent by actively inducing infringement by others of one or more of the claims of the '831 Patent in violation of 35 U.S.C. § 271(b) and contributorily infringing one or more of the claims of the '831 Patent based on others' direct infringement in violation of 35 U.S.C. § 271(c).

46. Upon information and belief, Defendant's end-users and/or customers directly infringe the '831 Patent by using the Accused Systems in violation of 35 U.S.C. § 271(a).

47. Defendant's active inducement of infringement and contributory infringement has occurred with actual knowledge of the '831 Patent.

48.     Defendant's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that its actions would induce infringement of, the '831 Patent, as demonstrated by, *inter alia*, providing specifications and instructions for the installation and operation of its Accused Systems, including uses that infringe one or more claims of the '831 Patent.

49.     On information and belief, Defendant's contributory infringement has occurred with knowledge that its Accused Systems are a material part of the invention, and are especially made or adapted for a use that infringes one or more claims of the '831 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing uses.

50.     As a result of Defendant's infringement of the '831 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

51.     Upon information and belief, Defendant's infringing conduct will continue unless enjoined by this Court, resulting in continuing harm to Plaintiff.

## COUNT 5

*(Direct infringement of United States Patent No. 5,832,495)*

52.     Plaintiff repeats and re-alleges the allegations in paragraphs 1-13 as if set forth in their entirety herein.

53.     Preservation Technologies is the owner of all substantial rights and interest to the '495 Patent with the exclusive right to enforce such Patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

54. Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '495 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '495 Patent. Defendant is thus liable for direct infringement of the '495 Patent pursuant to 35 U.S.C. § 271(a).

55. As a result of Defendant's infringement of the '495 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

56. Upon information and belief, Defendant's infringing conduct will continue unless enjoined by this Court, resulting in continuing harm to Plaintiff.

## COUNT 6

### *(Direct infringement of United States Patent No. 6,549,911)*

57. Plaintiff repeats and re-alleges the allegations in paragraphs 1-13 as if set forth in their entirety herein.

58. Preservation Technologies is the owner of all substantial rights and interest to the '911 Patent with the exclusive right to enforce such Patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

59. Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '911 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '911 Patent. Defendant is thus liable for direct infringement of the '911 Patent pursuant to 35 U.S.C. § 271(a).

60. As a result of Defendant's infringement of the '911 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

61. Upon information and belief, Defendant's infringing conduct will continue unless enjoined by this Court, resulting in continuing harm to Plaintiff.

## COUNT 7

*(Direct infringement of United States Patent No. 6,212,527)*

62. Plaintiff repeats and re-alleges the allegations in paragraphs 1-13 as if set forth in their entirety herein.

63. Preservation Technologies is the owner of all substantial rights and interest to the '527 Patent with the exclusive right to enforce such Patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

64. Upon information and belief, Defendant, without permission of Preservation Technologies, has been and is presently infringing the '527 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using, selling, offering for sale, and/or importing systems, articles, and methods infringing one or more claims of the '527 Patent. Defendant is thus liable for direct infringement of the '527 Patent pursuant to 35 U.S.C. § 271(a).

65. As a result of Defendant's infringement of the '527 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

66. Upon information and belief, Defendant's infringing conduct will continue unless enjoined by this Court, resulting in continuing harm to Plaintiff.

## JURY DEMAND

Plaintiff Preservation Technologies hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Preservation Technologies respectfully requests that the Court:

A. Permanently enjoin Defendant, its agents, servants, and employees, and all those in privity with Defendant or in active concert and participation with Defendant, from engaging in acts of infringement of the Patents-in-Suit;

B. Award Plaintiff Preservation Technologies past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the Patents-in-Suit in accordance with 35 U.S.C. § 284;

C. Declare this case exceptional pursuant to 35 U.S.C. § 285; and

D. Award Plaintiff Preservation Technologies its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

                                        Respectfully submitted,

Dated: January 3, 2013                          FARNAN LLP

                                        /s/ Brian E. Farnan
                                      Brian E. Farnan (Bar No. 4089)
                                      919 North Market Street, 12th Floor
                                      Wilmington, DE 19801
                                      (302) 777-0300
                                      (302) 777-0301 (fax)
                                      bfarnan@farnanlaw.com

Of Counsel:
Andrew G. DiNovo
Adam G. Price
Chester J. Shiu
DiNovo Price Ellwanger & Hardy LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Telecopier: (512) 539-2627

                                      *Attorney for Plaintiff Preservation*
                                      *Technologies LLC*